IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TYRONE BEUFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:21-355 |
| | ) | |
| HOTEL MANAGEMENT SERVICES, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

Plaintiff, Tyrone "Breeyonna" Beuford, for her Complaint against Defendant, Hotel Management Services, Inc. ("HMS"), states the following:

### I.  Parties

1.      Plaintiff is a resident of South Bend, Indiana.

2.      Defendant, HMS, is a business that does business in South Bend, Indiana.

### II.  Jurisdiction and Venue

3.      This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States.  Specifically, Plaintiff brings this action to enforce her rights pursuant to the Title VII and Section 1981.

4.      Venue in the Northern District of Indiana, South Bend Division, is appropriate by virtue Defendant doing business in this District.

### III.  Factual Allegations

5.      By July 1, 2019, Defendant was managing the Suburban Extended Stay South Bend hotel (the "Hotel") on behalf of the owner of the hotel.

6.      As the management company for the Hotel, Defendant was responsible for hiring, employing and firing all of the employees who worked at the Hotel.

7.      Defendant was advertising to hire a new front desk clerk for the Hotel.

8.      Plaintiff is transgender.

9.      Plaintiff is African-American.

10.     Plaintiff applied for the front desk clerk position.

11.     Plaintiff was interviewed by the General Manager, Tawn Burnley.

12.     Ms. Burnley recommended Plaintiff for the job to Defendant.

13.     Ms. Burnley recommended Plaintiff for the job to the Regional Manager, Robert Witkiewicz.

14.     Mr. Witkiewicz told Ms. Burnley that she could not hire a transgender front desk clerk because it would be bad for businesses; appearances matter.

15.     Mr. Witkiewicz told Ms. Burnley that she could not hire a transgender front desk clerk because it would scare off male customers.

16.     Mr. Witkiewicz told Ms. Burnley that transgender people who are transitioning tend to be very emotional.

17.     After speaking with Mr. Witkiewicz, Ms. Burnley informed Plaintiff that she had not gotten the job.

18.     Plaintiff was discriminated against by Defendant due to her transgender identity and/or her sex.

19.     Defendant discriminated against Plaintiff by failing to hire her as the front desk clerk due to her being transgender and/or her sex.

20.     Defendant has violated Title VII be failing to hire Plaintiff due to being transgender and/or her sex.

21.     Defendant discriminated against Plaintiff by failing to hire  her due to her being transgender and/or her sex.

22.     Defendant has violated Title VII by permitting Plaintiff to be discriminated against due to her being transgender and/or her sex.

23.     Plaintiff was discriminated against by Defendant due to her race.

24.     Defendant discriminated against Plaintiff by failing to hire her as the front desk clerk due to her race.

25.     Defendant has violated Title VII be failing to hire Plaintiff due to her race.

26.     Defendant discriminated against Plaintiff by failing to hire her due to her race.

27.     Defendant has violated Title VII by permitting Plaintiff to be discriminated against due to race.

28.     On December 10, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination in violation of Title VII due to Plaintiff's race, sex and transgender identity.

29     On February 12, 2021, the EEOC issued a Notice of Right to Sue to Plaintiff.

**Count I**
**Violations of Title VII**

30.     Plaintiff incorporates paragraphs 1 through 29 by reference herein.

31.     Plaintiff was discriminated against by Defendant in violation of Title VII due to her race.

32.     Defendant failed to hire Plaintiff as a front desk clerk in violation of Title VII due to her race.

33.     Plaintiff has been damaged by Defendant's conduct.

WHEREFORE, Plaintiff prays that the Court:

A.      Enter an order awarding all actual damages of Plaintiff including back and front pay with interest as permitted by Title VII.

B.      Grant any and all equitable relief available to Plaintiff.

C.      Enter an order awarding Plaintiff compensatory and punitive damages.

D.      Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

E.      Enter an award for such other relief as may be just and appropriate.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count II
## Violations of Title VII

34.     Plaintiff incorporates paragraphs 1 through 33 by reference herein.

35.     Plaintiff was discriminated against by Defendant in violation of Title VII due to her transgender identity or to her sex.

36.     Defendant failed to hire Plaintiff as a front desk clerk in violation of Title VII due to her transgender identity or to her sex.

37.     Plaintiff has been damaged by Defendant's conduct.

WHEREFORE, Plaintiff prays that the Court:

A.      Enter an order awarding all actual damages of Plaintiff including back and front pay with interest as permitted by Title VII.

B.      Grant any and all equitable relief available to Plaintiff.

C.      Enter an order awarding Plaintiff compensatory and punitive damages.

D.      Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

E.      Enter an award for such other relief as may be just and appropriate.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy_____
Ronald E. Weldy, #22571-49

## Count III
## Violations of Section 1981

38.     Plaintiff incorporates paragraphs 1 through 37 by reference herein.

39.     Plaintiff was discriminated against by Defendant in violation of Section 1981 due to her race.

40.     Defendant failed to hire Plaintiff as the front desk clerk in violation of Section 1981 due to her race.

41.     Defendant subjected Plaintiff to disparate treatment in violation of Section 1981 due to her race.

42.     Plaintiff has been damaged by Defendant's conduct.

WHEREFORE, Plaintiff prays that the Court:

A.      Enter an order awarding all actual damages of Plaintiff including back and front pay with interest as permitted by Section 1981.

B.      Grant any and all equitable relief available to Plaintiff.

C.      Enter an order awarding Plaintiff compensatory and punitive damages.

D.      Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

E.      Enter an award for such other relief as may be just and appropriate.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy_____
Ronald E. Weldy, #22571-49

## IV.     Jury Demand

43.     Plaintiff incorporates paragraphs 1 through 42 by reference herein.

44.     Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy_____
Ronald E. Weldy, #22571-49
Counsel for Plaintiff,
Tyrone Beuford

Weldy Law
8383 Craig Street
Suite 330
Indianapolis, IN 46250
Tel: (317) 842-6600
E-mail: rweldy@weldylegal.com